**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:12CV340-FDW-DSC**

| | |
|---|---|
| **BRUCE S. COTTON, JR.,** )<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CAROLYN W. COLVIN,**[1] )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>**Defendant.** )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Brief in Support ..." (document #9-1), both filed March 4, 2013; and Defendant's "Motion For Summary Judgment" (document #10) and "Memorandum in Support of the Commissioner's Decision" (document #11), both filed May 3, 2013. On June 17, 2013, this case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>; and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin will be substituted for Michael J. Astrue as the Defendant in this matter. Pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action is necessary.

Recommendation.

# I. PROCEDURAL HISTORY

On October 12, 2009, Plaintiff filed an application for a period of disability and Social Security Disability Benefits ("DIB"), alleging that he was unable to work as of January 1, 1999. (Tr. 124-25). Plaintiff's claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held on May 19, 2011. (Tr. 24). On August 10, 2011, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim. (Tr. 12-23). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of January 1, 1999 through his date last insured of June 30, 2004.[2] (Tr. 17). The ALJ also found that Plaintiff suffered from degenerative disc disease and a mood disorder, which were severe impairments within the meaning of the regulations (Tr. 17), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 17). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[3] to perform light work[4] with a sit/stand option. (Tr. 18). Based upon this RFC, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 21).

At the final step, in response to a hypothetical that factored in the above limitations, a Vocational Expert ("V.E.") testified that Plaintiff could perform work that existed in

---

[2] To be eligible for DIB, a claimant must demonstrate that his disability commenced during a period in which he had insured status under the Social Security Act. See 42 U.S.C. § 423(c); 20 C.F.R. §§ 404.101, 404.130, 404.131. Plaintiff's insured status under the Social Security program expired on June 30, 2004. (Tr. 17, 138, 140).

[3] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

significant numbers in the national economy through his date last insured. (Tr. 21-22). Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (Tr. 23).

Plaintiff filed a timely Request for Review of Hearing Decision. On August 29, 2012, the Appeals Council denied Plaintiff's request for review.

Plaintiff filed this action on October 10, 2012. He assigns error to the ALJ's failure to follow the Fourth Circuit Court of Appeals' recent holding in Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012). In Bird, the Court held that "[in] making a disability determination, the SSA must give substantial weight to a V[eterans] A[dministration] disability rating." 699 F.3d at 343. The only exception to the substantial weight requirement is that "[an] ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id.

The parties' cross-motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

3

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time, as that term of art is defined for Social Security purposes, before the expiration of his insured status on June 30, 2004.[5] It is undisputed that on April 4, 2002, the Veterans Administration ("VA")

---

[5] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
inability to engage in any substantial gainful activity by reason of any medically determinable

4

approved Plaintiff for "individual unemployability" as of February 22, 2001. (Tr. 844, 846). The VA also found that he was entitled to a service connected sixty percent disabling condition to his low back as of the same date. (Tr. 847).

As <u>Bird</u>, <u>supra</u>, establishes, the ALJ must give a VA disability rating substantial weight unless the record clearly demonstrates that a deviation is appropriate. Although it is unclear what weight the ALJ gave to the VA disability rating, he did not give it substantial weight. The ALJ's decision did not specifically refer to the documentation of the VA disability rating contained in documents found at Tr. 850-851. In that rating, the VA details its basis for increasing Plaintiff's low back injury from a twenty percent to a sixty percent disabling condition. The VA also made separate findings of one hundred percent unemployability. (Tr. 846). The ALJ does not directly address either of these documents in his decision. (Tr. 15-23).

The ALJ also fails to properly recognize the VA determination as a "disability rating." Rather, the ALJ stated that he "d[id] not grant significant weight to the opinion of the [VA] as it was not supported by the medical record." (Tr. 20). The ALJ went no further in explaining the precise "opinion" of the VA that he discounts. He then stated that he "[grants] limited weight to the diagnosis of the [VA]." (Tr. 20). The exact "diagnosis" he is referring to is also unclear. The ALJ's use of the terms "opinion" and diagnosis" do not equate to a disability rating.

It is unclear from the record whether the ALJ properly considered the VA disability rating. Accordingly, his treatment of the disability rating is not supported by substantial evidence. At the next hearing, among any other issues that require further development, the ALJ

---

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
<u>Pass v. Chater</u>, 65 F. 3d 1200, 1203 (4th Cir. 1995).

should directly address the VA disability rating and explain whether he gives the rating substantial weight, and if not, clearly identify the record evidence that supports any deviation from that standard.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #10) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[6]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn,

---

[6]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED.**

Signed: July 3, 2013

David S. Cayer
United States Magistrate Judge