UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:12-CV-00340-FDW-DSC

| | |
|---|---|
| BRUCE S. COTTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Bruce S. Cotton, Jr.'s Motion for Summary Judgment, (Doc. No. 9), Defendant Acting Commissioner of the Social Security Administration Carolyn W. Colvin's Motion for Summary Judgment, (Doc. No. 10), and the Memorandum and Recommendation of Magistrate Judge David S. Cayer. (Doc. No. 12). For the reasons set forth below, the Court ACCEPTS and ADOPTS the Memorandum and Recommendation, GRANTS the Plaintiff's Motion for Summary Judgment, and DENIES Defendant's Motion for Summary Judgment. The Administrative Law Judge's ("ALJ's") decision is REVERSED and REMANDED for a new hearing consistent with the Memorandum and Recommendation.[2]

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>Canby v. Davis</u>, 718 F.2d 198, 200 (4th Cir.

---

[1] Then-Commissioner of Social Security Michael J. Astrue was the original named Defendant in this case. Carolyn W. Colvin became Acting Commissioner of Social Security in February 2013, and, accordingly, is now the named Defendant instead of former Commissioner Astrue.

[2] The Court notes that Plaintiff raised three issues on appeal. The Memorandum and Recommendation only addresses one of these issues, but finds it sufficient to reverse and remand the case and does not analyze the others. This Court follows the same approach in adopting the Memorandum and Recommendation.

1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. The district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Canby, 718 F.2d at 200. Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Id.

Rule 72(b) of the Federal Rules of Civil Procedure allows a party fourteen (14) days to file specific written objections to a magistrate judge's proposed findings and recommendations. The parties were notified that objections to the Memorandum and Recommendation were required to be filed within this time frame. Considering that no objections were filed, and after a review of the record in this case, the Court agrees with Judge Cayer's recommendations. Accordingly, the Memorandum and Recommendation is hereby ACCEPTED and ADOPTED, Plaintiff's Motion for Summary Judgment is hereby GRANTED, and Defendant's Motion for Summary Judgment is hereby DENIED. The ALJ's decision is REVERSED and this matter is REMANDED for a new hearing consistent with the Memorandum and Recommendation. The Clerk's Office is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: August 23, 2013

Frank D. Whitney
Chief United States District Judge

2